IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 2, 2016

**IN RE MICKIA J.**

**Appeal from the Juvenile Court for Anderson County**
**No. J-28151  Brian J. Hunt, Judge**

_____

**No. E2016-00046-COA-R3-PT-FILED-SEPTEMBER 19, 2016**

_____

This is a termination of parental rights case.  Appellant/Father appeals the termination of his parental rights on the sole ground of persistence of the conditions that led to the child's removal.  Tenn. Code Ann. §36-1-113(g)(3).  As a threshold requirement, in order for the persistence of conditions ground to apply in termination of parental rights proceedings, there must be a prior order adjudicating the child to be dependent and neglected.  No such order is included in the appellate record.  Furthermore, it is undisputed that Appellant was incarcerated at the time the child was removed from the home.  Removal of the child from the parent's home is a threshold requirement for applicability of the persistence of conditions ground.  Because there is no order on dependency and neglect and because the child was not removed from Appellant's custody or home, we conclude that the threshold requirements for applicability of the persistence of conditions ground are not met in this case. Reversed and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Reversed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT and THOMAS R. FRIERSON, II, JJ., joined.

Sarah J. Watson, Knoxville, Tennessee, for the appellant, Michael S.

Jennifer L. Chadwell, Oak Ridge, Tennessee, for the appellees, Krista J. and Billy J.

**OPINION**

**I. Background**

The minor child at issue in this case, Mickia J., was born in September of 2009.[1] The child's mother surrendered her parental rights in November of 2009; mother is not a party to this appeal. The child's biological father, Appellant Michael S. ("Father"), was incarcerated at the time of Mickia J.'s birth. It is undisputed that Mickia J. has lived with Krista J. and her husband, Billy J. (together with Krista J., "Appellees"), since the child was approximately eleven days old. Krista J., who is the child's biological mother's cousin, testified that the child was born addicted to drugs and that the child was "detoxing" when she came into Appellees' home. Appellees testified that they were awarded legal custody of the child in August of 2011. When asked "what type of order granted you legal custody," Krista J. testified that, "[w]e did a permanent guardianship . . . where we would have [Mickia J.] and [Father] would have visitation." Whatever its substance, as discussed in greater detail below, the August 2011 order is not contained in the appellate record.

The record indicates that Michael S.'s criminal history began in 1990, when he was arrested for selling Schedule I drugs. He pled guilty to the felony charge and was sentenced to eleven months and twenty-nine days probation. On August 29, 2007, Michael S. received a federal charge of felon in possession of a firearm. Following indictment, he was released pending trial. While on pre-trial release, in June of 2009, he was charged, in Anderson County, for possession of Schedule II drugs. He pled guilty to the possession charge and was sentenced to three years probation. Based on the Anderson County charge, Michael S. was found to have violated the terms of his federal pre-trial release, and his pre-trial release was revoked. He was later sentenced to ten months in federal prison on the felon in possession of a firearm charge. It was during this incarceration, i.e., June 2009 through July 2010, that Mickia J. was born. In July 2010, Michael S. was released from federal prison. Following his release, he exercised visitation with the child for a few hours every other week. However, in April 2013, Michael S. was charged, in Anderson County, with possession of Schedule II drugs for resale. By incurring this charge, he also violated his supervised federal release. In August of 2014, Michael S. pled guilty, in Anderson County, to the April 2013 possession charge. In May of 2013, he was returned to federal incarceration, where he remained until February 27, 2015. Following his release from federal prison, he was transferred to Anderson County, where he was incarcerated from February 27, 2015 until July 31, 2015 on the Schedule II drug charge that he had pled guilty to in April of 2013. Following his release from the Anderson County jail, he was placed on parole. He was still on parole at the time of the hearing on the petition to terminate his parental rights.

On April 29, 2014, while Michael S. was incarcerated in federal prison, Appellees filed a petition to terminate his parental rights. As grounds for termination of Father's parental rights, Appellees alleged, in relevant part:

---

[1] In cases involving minor children, it is the policy of this Court to redact the parties' names so as to protect their identities.

11.  The Anderson County Juvenile Court adjudicated the child depende[nt] and neglected and the victim of severe child abuse at the hands of the child's mother . . . on November 12, 2009.  The child was born drug exposed. . . .

12 [Father] is still married to [mother], and until his incarceration, continued to reside in the same home with her.  It is believed that upon his release from incarceration, [Father] will continue to reside with [mother] placing the child in a risk of harm by continuing exposure to [mother].

***

14.  The minor child has been removed from the home of [Father] by court order for a period exceeding six months.  The grounds warranting removal are not likely to be remedied within a reasonable time period.  [Father] has a substantial criminal history.  The criminal activity in [Father's] home is not likely to terminate based on his history . . . .

Although Appellees' petition specifically states that Appellees "currently have guardianship of the minor child . . . through Order of the Anderson County Juvenile Court entered on August 11, 2011, and attached hereto as Exhibit 1," we do not find any exhibit attached to the petition, nor do we find an August 2011 order elsewhere in our record.

By order of May 16, 2014, the trial court appointed a guardian ad litem to represent Mickia J.  By order of June 30, 2014, an attorney was appointed to represent Michael S. as an indigent party.  Following notice of a conflict, the trial court entered an order on August 29, 2014, appointing new counsel for Michael S.

The trial court heard the petition to terminate parental rights on October 2, 2015.[2]  By order of October 21, 2015, the trial court terminated Father's parental rights on the ground of persistence of the conditions that led to the child's removal and on its finding that termination of father's parental rights is in the child's best interest.  The order specifically states that Father's parental rights "are terminated based on Tennessee Code Annotated 36-1-113(g)(3)."  Father appeals.

## II. Issues

---

[2] In addition to the ground of persistence of the conditions that led to the child's removal from the home, Tenn. Code Ann. § 36-1-113(g)(3), Appellees also averred the ground of abandonment by willful failure to visit..  At the outset of the hearing on the petition to terminate parental rights, the trial court clarified that the Appellees had not pled facts sufficient to establish the ground of abandonment by an incarcerated parent based on "conduct prior to incarceration that exhibits a wanton disregard for the welfare of the child."  Tenn. Code Ann. § 36-1-002(1)(A)(iv).  Neither party appeals this ruling.  In its order terminating parental rights, the trial court made a specific finding that Appellees had failed to prove, by clear and convincing proof, the ground of

- 3 -

Father raises two issues for review, which we restate as follows:

1.  Whether the facts, as found by the trial court, are supported by the preponderance of the evidence and clearly and convincingly establish the elements necessary to terminate Appellant's parental rights on the ground of persistence of the conditions that led to the child's removal from Appellant's home. Tenn. Code Ann. § 36-1-113(g)(3).

2.  If so, whether the facts, as found by the trial court, are supported by the preponderance of the evidence and clearly and convincingly establish that termination of Appellant's parental rights is in the child's best interest.


### III. Standard of Review

Under both the United States and Tennessee Constitutions, a parent has a fundamental right to the care, custody, and control of his or her child. *Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *Nash-Putnam v. McCloud*, 921 S.W.2d 170, 174 (Tenn. 1996). Thus, the state may interfere with parental rights only when a compelling interest exists. *Nash–Putnam*, 921 S.W.2d at 174-75 (citing *Santosky v. Kramer*, 455 U.S. 745 (1982)). Our termination statutes identify "those situations in which the state's interest in the welfare of a child justifies interference with a parent's constitutional rights by setting forth grounds on which termination proceedings can be brought." *In re W.B.*, Nos. M2004-00999-COA-R3-PT, M2004-01572-COA-R3-PT, 2005 WL 1021618, at *7 (Tenn. Ct. App. Apr. 29, 2005) (citing Tenn. Code Ann. § 36-1-113(g)). A person seeking to terminate parental rights must prove both the existence of one of the statutory grounds for termination and that termination is in the child's best interest. Tenn. Code Ann. § 36-1-113(c); *In re D.L.B.*, 118 S.W.3d 360, 367 (Tenn. 2003); *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002).

Because of the fundamental nature of the parent's rights and the grave consequences of the termination of those rights, courts must require a higher standard of proof in deciding termination cases. *Santosky*, 455 U.S. at 769. Accordingly, both the grounds for termination and that termination of parental rights is in the child's best interest must be established by clear and convincing evidence. Tenn. Code Ann. § 36-3-113(c)(1); *In re Valentine*, 79 S.W.3d at 546. Clear and convincing evidence "establishes that the truth of the facts asserted is highly probable . . . and eliminates any serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *In re M.J.B.*, 140 S.W.3d 643, 653 (Tenn. Ct. App. 2004), *perm. app. denied* (Tenn. July 12, 2004). Such evidence "produces in a fact-finder's mind a firm belief or conviction regarding the truth of the facts sought to be established." *Id*. at 653.

---

abandonment.  Neither party appeals this ruling.

In light of the heightened standard of proof in termination of parental rights cases, a reviewing court must modify the customary standard of review in Tennessee Rule of Appellate Procedure 13(d). As to the trial court's findings of fact, our review is *de novo* with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). We must then determine whether the facts, as found by the trial court or as supported by the preponderance of the evidence, clearly and convincingly establish the elements necessary to terminate parental rights. *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002).

## IV. Persistence of the Conditions that Led to the Child's Removal

As noted above, the trial court terminated Father's parental rights on the sole statutory ground of persistence of the conditions that led to child's removal under Tennessee Code Annotated Section 36-1-113(g)(3). The statute defines persistence of conditions as follows:

> (3) The child has been removed from the home of the parent or guardian by order of a court for a period of six (6) months:
>
> (A)  The conditions that led to the child's removal or other conditions that in all reasonable probability would cause the child to be subjected to further abuse or neglect and that, therefore, prevent the child's safe return to the care of the parent(s) or guardian(s), still persist;
> (B)  There is little likelihood that these conditions will be remedied at an early date so that the child can be safely returned to the parent(s) or guardian(s) in the near future; and
> (C)  The continuation of the parent or guardian and child relationship greatly diminishes the child's chances of early integration into a safe, stable and permanent home.

The purpose behind the "persistence of conditions" ground for terminating parental rights is "to prevent the child's lingering in the uncertain status of foster child if a parent cannot within a reasonable time demonstrate an ability to provide a safe and caring environment for the child." *In re Arteria H.*, 326 S.W.3d 167, 178 (Tenn.Ct.App.2010), overruled on other grounds by *In re Kaliyah S.*, 455 S.W.3d 533 (Tenn.2015).

In its October 21, 2015 order terminating Father's parental rights, the trial court incorporates, by reference, its findings made from the bench at the October 2, 2015 hearing. In relevant part, the court found:

> The Court finds that the [Appellees] have met their burden of clear and convincing evidence of persistent conditions pursuant to TCA 36-1-113(g)(3).
> . .

***

The father has a history of federal and state felony convictions, including being a felon in possession of a firearm and several sale of drug convictions.

During the adjudicatory phase of the underling pending case, the father stipulated to dependency and neglect due to his incarceration, which rendered him unavailable to parent the child. Since that time, the father has continued to have legal issues, incurring a federal charge in 2008, and receiving a drug conviction in 2009; later violated his federal sentence, and serving an approximate two-year sentence, from May 20th, 2013 until late July of 2015.

At the time of the filing of this [petition to terminate parental rights] in April 2014, he was incarcerated in federal prison. The father is currently on parole, which is to expire in December of 2015.

In all, the father has been incarcerated for more than half of the child's life, where he's been out of jail around 33 months of the 72 months, since the child's birth. The father's incarceration and inability to remedy his legal issues has persisted for the entire life of the child and persists today, where he's still on parole and only recently released from jail.

The Court finds that there's little likelihood that these conditions will be remedied in the near future, so that the child can be safely returned to him, due to the fact that they've existed the entire life of the child and persist today. The father's own criminal conduct led to [his] being incarcerated for the past two years, where the child has had zero contact with him.

In *In re Audrey S.*, 182 S.W.3d 838, 872 (Tenn.Ct.App.2005), *perm. app. denied* (Tenn. Nov. 7, 2005), this Court held that "based on the statutory text and its historical development, [the ground of persistence of conditions found in Tennessee Code Annotated Section 36-1-113(g)(3)] applies as a ground for termination of parental rights only where the prior court order removing the child from the parent's home was based on a judicial finding of dependency, neglect, or abuse." *In re Audrey S.*, 182 S.W.3d at 872. In the first instance, although the order of removal is referenced by the parties, it is not in our appellate record. We emphasize that our jurisdiction is appellate only, and our review is limited to the record transmitted to this Court. In the absence of the August 2011 order, which allegedly removed the child into Appellees' custody on a finding (or admission) of dependency and neglect, this Court cannot engage in its reviewing function. In other words, without the order, we cannot ascertain what the conditions were that led to the child's removal such that we may review the trial court's determination that those conditions persist. *In re Audrey S.*, 182 S.W.3d 838, 875 (Tenn.Ct.App.2005) (holding that the statutory ground of persistence of the conditions that led to the children's removal was not applicable because removal of the children to state custody was based on the father's petition for a change in custody, and was not based on an adjudication of dependency and neglect); *In re Destaney D.*, No. E2014-01651-COA-R3-PT, 2015 WL 3876761, *6 (Tenn. Ct. App. June 23, 2015) ("[W]e hold that

the statutory ground of persistence of conditions is not applicable to Father . . . inasmuch as the record contains no order removing the Children from Father's home.").

However, even if this record contained an order adjudicating the child to be dependent and neglected, as a threshold requirement for applicability of the ground of persistence of conditions in termination of parental rights cases, the child must not only have been adjudicated dependent and neglected, but he or she must also have been removed from the defendant parent's home. Tenn. Code Ann. § 36-1-113(g)(3) ("The child has been removed from the home of the parent . . . ."). In this case, it is undisputed that Father was incarcerated at the time custody was granted to the Appellees. In *In re Maria B.S*., this Court was presented with a situation similar to the case at bar. In *Maria B.S.*, father's parental rights were terminated on a finding of persistence of conditions; however, the children had not, in fact, been removed from father's home because he was incarcerated at the time. In reversing the ground of persistence of conditions, we explained:

> We next address whether the Trial Court erred in finding and holding that clear and convincing evidence existed to terminate Father's parental rights to the Children pursuant to Tenn.Code Ann. § 36-1-113(g)(3). Father argues that this ground could not be applied to his case as the Children were not removed from his home by order of a court. "The child has been removed from the home of the parent or guardian by order of a court...." Tenn. Code Ann. § 36–1-113(g)(3).
>
> We agree with Father as to this issue. Father was incarcerated at the time of the Children's birth. No one removed the Children from Father-he never had the Children in the first place. There is case precedent to support Father's position that, without removal from that parent's home, the ground of persistent conditions is inapplicable. *See In re T.L.*, No. E2004-02615-COA-R3-PT, 2005 WL 2860202, at *7 (Tenn. Ct. App. Oct.31, 2005), Rule 11 appl. perm. appeal denied Feb. 17, 2006; *In re D.L.B*., No. W2001-02245-COA-R3-CV, 2002 WL 1838147, at *9 (Tenn. Ct. App. Aug.6, 2002), rev'd on other grounds, 118 S.W.3d 360 (Tenn. 2003); *In re B.P.C*., M2006-02084-COA-R3-PT, 2007 WL 1159199, at *7 (Tenn. Ct. App. April 18, 2007), no appl. perm. appeal filed. The Foster Parents offer no compelling counterargument, and we decline to depart from this precedent. The Trial Court erred in finding and holding that clear and convincing evidence exists to terminate Father's parental rights under the ground of persistent conditions.

*In re Maria B.S.*, No. E2012-01295-COA-R3-PT, 2013 WL 1304616, *11 (Tenn. Ct. App. March 4, 2013); *see also In re Destaney D.*, 2015 WL 3876761, *5 ("The legal deficiency concerning the trial court's determination regarding this ground for termination lies in the fact that the Children were not removed from Father's home. The testimony at trial established that the reason for the Children's removal was drug abuse by the mother when the

Children were in the mother's custody."); accord *In re K.M.K.*, No. E2014-00471-COA-R3-PT, 2015 WL 866730 (Tenn. Ct. App. Feb. 27, 2015).

Based on the foregoing authority, we hold that the statutory ground of persistence of conditions is not applicable to Father under the facts presented here inasmuch as the record contains no court order removing the child from Father's home (on grounds of dependency and neglect or otherwise) and insofar as Father was incarcerated at the time of the child's removal. Having determined that the sole ground for termination of Father's parental rights is inapplicable in this case, we pretermit the remaining issue concerning whether termination of Father's parental rights is in the child's best interest. Tenn. Code Ann. § 36-1-113(c).

## VII. Conclusion

For the foregoing reasons, we reverse the trial court's order terminating Appellant's parental rights. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellees, Krista J. and Billy J., for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE